UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>DIMITRIS SMITH, JR.,<br><br>        Defendant. | CRIMINAL ACTION NO. 3:24-CV-00106<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

In a superseding indictment, the Government charged Dimitris Smith, Jr. ("Smith") with five counts – one count of distribution of fentanyl resulting in serious bodily injury and death in violation of 21 U.S.C. § 841(a)(1), and four counts of distribution of fentanyl and/or cocaine in violation of 21 U.S.C. § 841(a)(1). (Doc. 23). The delivery of a controlled substance resulting in death allegedly occurred on December 11, 2023. (Doc. 67, at 1; Doc. 23, at 1-2). Counts II through V allege drug deliveries Smith made to an undercover officer on four occasions in March and April 2024. (Doc. 67, at 2). Smith is the sole defendant in this case, which is set for trial on January 5, 2026. (Doc. 83).

On September 22, 2025, Smith filed a motion for severance pursuant to Federal Rules of Criminal Procedure 8 and 14, requesting that the Court sever Count I from Counts II through V because joinder of the claims is improper and that he will be unduly prejudiced by the inflammatory "death resulting" allegation in Count I. (Doc. 66, at 2). For the following reasons, Smith's motion to sever counts of the indictment for trial is **DENIED**. (Doc. 66).

**I.     LEGAL STANDARD**

The purposes of Federal Rules of Criminal Procedure 8 and 14 are "to promote economy and efficiency and to avoid multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." *Bruton v. United States*, 391 U.S. 123, 131 n.6 (1968). In pertinent part, Rule 8(a) provides:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> Fed. R. Crim. P. 8(a).

"Rule 8 requires severance where defendants were improperly joined." *Walker*, 657 F.3d at 170. Even if defendants are properly joined under Rule 8, the Court may sever defendants or offenses under Rule 14 "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). However, severance is not mandatory with a showing of prejudice, and Rule 14 leaves that determination of any risk of prejudice and remedy to the discretion of the district court. *Zafiro*, 506 U.S. at 541.

A defendant must demonstrate "clear and substantial prejudice resulting in a manifestly unfair trial." *United States v. Eufrasio*, 935 F.2d 553, 568 (3d Cir. 1991). Less drastic measures, such as limiting instructions, "often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539. The appropriate question for the Court on a motion under Rule 14 is

"whether the jury will be able to compartmentalize the evidence as it relates to separate defendants in view of its volume and limited admissibility." *United States v. Davis*, 397 F.3d 173, 182 (3d Cir. 2005); *Walker*, 657 F.3d at 170.

II.   DISCUSSION

First, Smith argues that the Government improperly joined the claims against him because the Government has not provided information linking the drug transactions from Counts II through V to the death charged in Count I. (Doc. 66, at 1-2). The Government submits that the claims are properly joined under Rule 8 because each claim is for a violation of § 841(a)(1), which occurred between December 2023 and April 2024. (Doc. 72, at 3). Courts generally construe Rule 8 liberally in favor of initial joinder. *United States v. Thompson*, 219 F. Supp. 3d 502, 507 (M.D. Pa. 2016) (citing *United States v. Bullock*, 71 F.3d 171, 174 (5th Cir. 1995); *United States v. Rankin*, 365 F. App'x 358, 363 (3d Cir. 2010). In evaluating joinder of claims, the Third Circuit has instructed courts to primarily consider the indictment and to look beyond the indictment only in limited circumstances to clarify the connection between the counts. *United States v. McGill*, 964 F.2d 222, 242 (3d Cir. 1992). The moving party carries the burden of establishing improper joinder of offences. *United States v. Stevens*, 188 F. Supp. 3d 421, 423 (M.D. Pa. 2016).

Further, joinder under Rule 8(a) does not require offenses to be identical. *United States v. Deshields*, No. 1:19-CR-099, 2021 WL 1401790, at *7 (M.D. Pa. April 14, 2021) (finding charges of distribution for different substances is not so dissimilar as to render joinder improper). Counts are sufficiently similar for joinder under Rule 8(a) when they are "somewhat alike" or "otherwise have a sufficient logical connection and can be tried using the same evidence." *United States v. Heilman*, 377 F. App'x 157, 202 (3d Cir. 2010). Offenses

may also be joined if they "occurred within a relatively short period of time of each other and the evidence of each overlaps." *Heilman*, 377 F. App'x at 203.

In this case, the five counts in the superseding indictment are of the "same or similar character," regardless of temporal or evidentiary connectedness, and the counts are properly joined under Rule 8(a). *United States v. Owens*, 187 F. Supp. 3d 488, 496 (M.D. Pa. 2016) (finding two counts of possession with intent to distribute heroin and two counts of possession of a firearm are of similar character and are properly joined, regardless of the lack of temporal or evidentiary connectedness); *Stevens*, 188 F. Supp. 3d at 422 (finding a counts of assault with intent to commit murder, two counts of assault with a dangerous weapon, and two counts of possessing contraband in prison, related to two separate assaults, are of the same or similar character and properly joined); *Deshields*, 2021 WL 1401790, at *6 (finding that four counts of possession of a firearm and two counts of possession with intent to distribute occurring over the span of over a year are of similar character and properly joined). The counts are also properly joined because of their close temporal proximity, with only a three-month gap separating the charges. (Doc. 23); *United States v. Askew*, 4:17-CR-00291, 2019 WL 1531986, at *3 (M.D. Pa. April 9, 2019) (finding a transactional nexus for joinder with distribution charges for different substances over a short time span, in the same geographical area, with several overlapping witnesses); *Deshields*, 2021 WL 1401790, at *6.

Next, Smith avers that even if the claims are properly joined, they should still be severed pursuant to Rule 14 due to the undue risk of "spillover prejudice." (Doc. 66, at 2). Smith argues the jury is likely to find the distribution resulting in death allegation to be inflammatory and will improperly consider the allegation as evidence of guilt for counts two

4

through five. (Doc. 66, at 2). The Government counters that Smith fails to meet his burden demonstrating that severance of the claims is warranted. (Doc. 72, at 7-9).

Only where there is a serious risk that joinder would compromise a specific trial right of a defendant or prevent the jury from making a reliable judgment should a court grant a motion for severance under Rule 14. *Zafiro v. United States*, 506 U.S. 534, 539 (1993); *United States v. Davis*, 397 F.3d 173, 182 (3d Cir. 2005). A moving party must establish "clear and substantial prejudice that would result in a manifestly unfair trial." *Deshields*, 2021 WL 1401790, at *6 (citing *United States v. Riley*, 621 F.3d 312, 335 (3d Cir. 2010).

Smith contends that severing Count I may increase his chances of acquittal for Counts II through V, by separating the inflammatory "resulting in death" distribution charge from the others. (Doc. 67, at 2). Merely having a better chance at acquittal in separate trials does not entitle a defendant to severance. *Zafiro*, 506 U.S. at 540. Further, Smith has not demonstrated that the jury will not be able to compartmentalize evidence against him regarding the drug distribution charges he faces. The indictment alleges Smith distributed either cocaine or fentanyl on five occasions over a four-month period, one such distribution of fentanyl resulted in a death. (Doc. 23). The charges are not particularly complex, and proper jury instructions may adequately manage the possibility of a jury conflating or otherwise misusing evidence. *See Stevens*, 188 F. Supp. 3d at 425 (finding limiting instructions would sufficiently safeguard against prejudice with charges stemming from two incidents with uncomplicated facts); *see also Deshields*, 2021 WL 1401790, at *7 (finding charges of possession with intent to distribute and possession of a firearm were not complex, such that a jury would not be able to compartmentalize evidence with appropriate instruction). Severance is not

5

required under Rule 14 even if prejudice is shown, and the appropriate relief is left to the sound discretion of the district court. *Zafiro*, 506 U.S. at 538-39.

## III.  CONCLUSION

For the foregoing reasons, Smith's motion to sever counts of the indictment for trial (Doc. 66) is **DENIED**. The five counts against Smith will be tried together on January 5, 2026. An appropriate Order follows.

Dated: December 15, 2025                                                *s/ Karoline Mehalchick*
                                                                                            **KAROLINE MEHALCHICK**
                                                                                            **United States District Judge**