UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO. 3:24-CV-00106 |
| v. | (MEHALCHICK, J.) |
| DIMITRIS SMITH, JR., | |
| Defendant. | |

**MEMORANDUM**

In a superseding indictment, the Government charged Dimitris Smith, Jr. ("Smith") with five counts – one count of distribution of fentanyl resulting in serious bodily injury and death in violation of 21 U.S.C. § 841(a)(1), and four counts of distribution of fentanyl and/or cocaine in violation of 21 U.S.C. § 841(a)(1). (Doc. 23). The delivery of a controlled substance resulting in death allegedly occurred on December 11, 2023. (Doc. 67, at 1; Doc. 23, at 1-2). Counts II through V allege drug deliveries Smith made to an undercover officer on four occasions in March and April 2024. (Doc. 67, at 2). Smith is the sole defendant in this case, which is set for trial on January 5, 2026. (Doc. 83). Before the court is Smith's motion to compel discovery, motion for early disclosure of *Jencks* material, and motion to suppress evidence. (Doc. 60; Doc. 62; Doc. 64). For the following reasons, Smith's motions are **DENIED**.

I. **LEGAL STANDARDS**

  A. MOTION TO COMPEL DISCOVERY

Federal Rule of Criminal Procedure 16(a) governs the disclosure of evidence in criminal cases, "with some additional material being discoverable in accordance with

statutory pronouncements and the due process clause of the Constitution." *United States v. Ramos*, 27 F.3d, 65, 68 (3d Cir. 1994). Rule 16(a) provides that upon the defendant's request, the government must disclose the defendant's relevant oral statements, written or recorded statements, prior record, statements of organizational defendants, certain documents and objects, certain reports of examinations and tests, and expert witness disclosures. Fed. R. Crim. P. 16(a). Rule 16(a) does not "authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government. . . in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2). Rule 16(a) also does not "authorize the discovery or inspection of statements made by prospective government witnesses except as provided in [the *Jencks* Act]." Fed. R. Crim. P. 16(a)(2), (3). Pursuant to Rule 16(d), the Court may, for good cause, "deny restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). If a party fails to comply with Rule 16, the Court may, "(A) order that party to permit the discovery or inspection. . . (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2).

     Rule 16 is intended to prescribe the minimum amount of discovery to which the parties are entitled. Fed. R. Crim. P. 16 advisory committee's note to 1974 amendment. Additional material is discoverable pursuant to relevant statutes and the due process clause of the Constitution. *Ramos*, 27 F.3d at 68. This additional material is general limited to *Jencks* Act materials available pursuant to the *Brady* doctrine. *Ramos*, 27 F.3d at 68. The *Jencks* Act requires that after a government witness has testified on direct examination, the government must produce to the defense any statement made by the witness which relates to his or her

testimony. 18 U.S.C. § 3500. Pursuant to *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the government is to produce "evidence favorable to an accused on request. . . where the evidence is material either to guilt or to punishment." 373 U.S. at 87. The Government must produce materials that "go to the heart of the defendant's guilt or innocence," and "materials that might affect the jury's judgment of the credibility of a crucial prosecution witness." *United States v. Hill*, 976 F.2d 132, 134-35 (3d Cir. 1992); *Giglio v. United States*, 405 U.S. 150, 154 (1972) (holding that *Brady* encompasses impeachment evidence). In other words, under *Brady*, the government has an continuing obligation to disclose all evidence favorable to defendants, including exculpatory and impeachment evidence. *United States v. Moreno*, 727 F.3d 255, 262 (3d. Cir. 2013); *United States v. Nickas*, No. 3:21-CR_143, 2022 WL 2657114, at *5 (M.D. Pa. July 8, 2022). Exculpatory material must be disclosed on a rolling basis "without undue delay." *United States v. Johnson*, 218 F. Supp. 3d 454, 459 (W.D. Pa. 2016); *United States v. Coles*, 511 F. Supp. 3d 566, 577 (M.D. Pa. 2021). While *Brady* impeachment material generally should be disclosed only in time for its effective use at trial, the Third Circuit encourages adherence to the promotion of early production of all types of *Brady* material. *United States v. Higgs*, 713 F.2d 39, 44 n.6 (3d Cir. 1983); *United States v. Yawson*, No. 13-271, 2014 WL 3401663, at *2 (W.D. Pa. July 10, 2014).

Smith requests that the Court compel the Government to provide notice of the Government's intent to introduce hearsay statements pursuant to Federal Rule of Evidence 807; disclosure of expert information in accordance with Federal Rule of Criminal Procedure 16(a)(1)(G) and Federal Rules of Evidence 702, 703, and 705; notice of the Government's intent to introduce evidence pursuant to Federal Rules of Evidence 404(b) and 609; disclosure of the Government's witnesses, including any statements made by such witnesses, the identity

3

of any confidential informants, and all inducements or consideration offered to secure their testimony; disclosure of any and all evidence the Government seeks to admit under the co-conspirator exception to Federal Rule of Evidence 801(a)(2)(E), the hearsay rule; and all remaining requested discovery materials that have not yet been produced by the Government. (Doc. 60, at 4-5). Smith avers that the United States Constitution, Federal Rules of Criminal Procedure, and Federal rules of Evidence require the Government to disclose these materials to ensure the fairness of proceedings and to safeguard Smith's rights. (Doc. 60, at 3). The Government counters that there are no outstanding discovery issues. (Doc. 69, at 1). The Government asserts that it has complied with and will continue to comply with its discovery obligations under the United States Constitution, Federal Rules of Criminal Procedure, and Federal Rules of Evidence. (Doc. 69, at 1-2). The Government also notes that, as of October 6, 2025, it already provided Smith with over 1,500 pages of discovery, which contain state and federal police reports; lab, toxicology, and pathology reports; curriculum vitae of experts; photos; videos; and prison calls. (Doc. 69, at 1). The Court will address each of Smith's discovery requests in turn.

1. **Notice of the Government's Intention to Use Hearsay Statements Pursuant to Rule 807 of the Federal Rules of Evidence**

Smith contends that the Government must disclose notice of its intention to use hearsay statements pursuant to Federal Rule of Evidence 807. (Doc. 61, at 4). The Government asserts that it intends to follow the Federal Rules of Evidence and provide notice to Smith regarding its intent to introduce hearsay statements pursuant to Rule 807. (Doc. 69, at 2). Federal Rule of Evidence 807 provides that "a hearsay statement is not excluded by the rule against hearsay" if,

> (1) the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of the circumstances under which it was made and evidence, if any, corroborating the statement; and
>
> (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.
>
> Fed. R. Evid. 807.

Pursuant to Rule 807, a hearsay statement is admissible under the residual exception "only if the proponent gives an adverse party reasonable notice of the intent to offer the statement—including its substance and the declarant's name—so that the party has a fair opportunity to meet it." Fed. R. Evid. 807. Such notice "must be provided in writing before the trial or hearing—or in any form during the trial or hearing if the court, for good cause, excuses a lack of earlier notice." Fed. R. Evid. 807. District courts have denied motions to compel pretrial notice of hearsay statements intended to be introduced under Rule 807 when the Government asserts that it is unaware of responsive information or indicates that it will provide the requisite pretrial notice if it seeks to introduce evidence pursuant to Rule 807. *See e.g.*, *United States v. DeLaCruz*, No. 3:17-CR-00201, 2019 WL 1757528, at *3-*4 (M.D. Pa. April 19, 2019); *United States v. Li*, No. 3:16-CR-194, 2017 WL 590275, at *4-*5 (M.D. Pa. Feb. 14, 2017); *United States v. Manfredi*, No. 07-352, 2008 WL 2622901, at *2 (W.D. Pa. June 27, 2008).

The Government has indicated that it will follow the Federal Rules of Evidence and provide Smith with notice of its intent to introduce hearsay statements pursuant to Rule 807. (Doc. 69, at 2). Smith does not contest the Government's representation that it will provide Smith with the requested material before trial. Accordingly, Smith's motion to compel the Government to provide notice of their intention to use hearsay statements pursuant to Federal Rule of Evidence 807 is **DENIED without prejudice**. (Doc. 60). The Court instructs Smith

> (1) the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of the circumstances under which it was made and evidence, if any, corroborating the statement; and
>
> (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.
>
> Fed. R. Evid. 807.

Pursuant to Rule 807, a hearsay statement is admissible under the residual exception "only if the proponent gives an adverse party reasonable notice of the intent to offer the statement—including its substance and the declarant's name—so that the party has a fair opportunity to meet it." Fed. R. Evid. 807. Such notice "must be provided in writing before the trial or hearing—or in any form during the trial or hearing if the court, for good cause, excuses a lack of earlier notice." Fed. R. Evid. 807. District courts have denied motions to compel pretrial notice of hearsay statements intended to be introduced under Rule 807 when the Government asserts that it is unaware of responsive information or indicates that it will provide the requisite pretrial notice if it seeks to introduce evidence pursuant to Rule 807. *See e.g.*, *United States v. DeLaCruz*, No. 3:17-CR-00201, 2019 WL 1757528, at *3-*4 (M.D. Pa. April 19, 2019); *United States v. Li*, No. 3:16-CR-194, 2017 WL 590275, at *4-*5 (M.D. Pa. Feb. 14, 2017); *United States v. Manfredi*, No. 07-352, 2008 WL 2622901, at *2 (W.D. Pa. June 27, 2008).

The Government has indicated that it will follow the Federal Rules of Evidence and provide Smith with notice of its intent to introduce hearsay statements pursuant to Rule 807. (Doc. 69, at 2). Smith does not contest the Government's representation that it will provide Smith with the requested material before trial. Accordingly, Smith's motion to compel the Government to provide notice of their intention to use hearsay statements pursuant to Federal Rule of Evidence 807 is **DENIED without prejudice**. (Doc. 60). The Court instructs Smith

to reassert his motion if the Government fails to file its notice pursuant to Rule 807 at least five days before trial.

> 2. **Expert Information Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) and Federal Rules of Evidence 702, 703, and 705**

Smith next contends that the Government must disclose expert information pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) and Federal Rules of Evidence 702, 703, and 705. (Doc. 61, at 4). The Government provides that they are waiting to receive a final report from its expert toxicologist, Dr. Michael Coyer ("Dr. Coyer"), and it has already provided Smith's counsel with Dr. Coyer's curriculum vitae and a list of cases in which he has testified over the past four years. (Doc. 69, at 2). The Government also asserts that it intends to file its formal expert disclosure pursuant to Fed. R. Crim. P. 16(a)(1)(G) as soon as practicable, at least two weeks before trial. (Doc. 69, at 2).

> Federal Rule of Criminal Procedure 16(a)(1)(G) provides in relevant part:
>
> (i) Duty to Disclose. At the defendant's request, the government must disclose to the defendant, in writing, the information required by (iii) for any testimony that the government intends to use at trial under Federal Rule of Evidence 702, 703, or 705 during its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C). If the government requests discovery under the second bullet point in (b)(1)(C)(i) and the defendant complies, the government must, at the defendant's request, disclose to the defendant, in writing, the information required by (iii) for testimony that the government intends to use at trial under Federal Rule of Evidence 702, 703, or 705 on the issue of the defendant's mental condition.
>
> (ii) Time to Disclose. The court, by order or local rule, must set a time for the government to make its disclosures. The time must be sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence.
>
> (iii) Contents of the Disclosure. The disclosure for each expert witness must contain:
> • a complete statement of all opinions that the government will elicit from the witness in its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C);

    • the bases and reasons for them;
    • the witness's qualifications, including a list of all publications authored in the previous 10 years; and
    • a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

Fed. R. Crim. P. 16(a)(1)(G)(i), (ii), (iii).

Federal Rules of Evidence 702, 703, and 705 provide for what witnesses constitute experts and what expert witnesses are permitted to testify to and in what form. *See* Fed. R. Evid. 702, 703, 705.

To this date, the Government has not filed its formal expert disclosures pursuant to Rule 16(a)(1)(G), and, to the Court's knowledge, the Government has not provided Smith with a complete statement of all opinions the Government will elicit from Dr. Coyer, the basis and reasons for them, or a list of all publications authored by Dr. Coyer in the previous 10 years. *See* Fed. R. Crim. P. 16(a)(1)(G)(iii). Smith does not contest the Government's representation that it will provide Smith with the requested material before trial. Accordingly, Smith's motion to compel the Government to disclose expert information pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) and Federal Rules of Evidence 702, 703, and 705 is **DENIED without prejudice**. (Doc. 60).

    3. **Disclosure of the Government's Intention to Use Evidence Pursuant to Federal Rules of Evidence 404(b) and 609**

Smith contends the government must disclose its intention to use evidence pursuant to Federal Rules of Evidence 404(b) and 609. (Doc. 61, at 4). The Government provides that, if applicable in this case, it intends to follow the Federal Rules of Evidence and provide Smith with its intent to introduce prior acts pursuant to Rule 404(b). (Doc. 69, at 1). The Government also provides that if Smith or any defense witness testifies at trial, the

Government will request that any applicable evidence of a criminal conviction be admitted for purposes of impeachment. (Doc. 69, at 2).

Federal Rule of Evidence 404(b) provides that "evidence of any other crime, wrong, or act is not admissible to prove a person's character," but such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1), (2). Federal Rule of Evidence 404(b) also provides that, in a criminal case, a prosecutor must,

> (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
>
> (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
>
> (C) do so in writing before trial--or in any form during trial if the court, for good cause, excuses lack of pretrial notice.
>
> Fed. R. Evid. 404(b)(3)

Federal Rule of Evidence 609 provides for when a witness can be impeached by evidence of a criminal conviction. Fed. R. Evid. 609.

Neither Rule 404(b) nor Rule 609 set forth a time frame within which the Government must produce the applicable evidence to a defendant. "What constitutes reasonable notice in advance of trial [pursuant to Rule 404(b)] is determined by the circumstances and complexity or the prosecution." *United States v. Johnson*, 218 F. Supp. 3d 454, 462 (W.D. Pa. 2016); *United States v. DeLaCruz*, 2019 WL 1757528, at *5 (M.D. Pa. April 19, 2019). Courts frequently order disclosure of Rule 404(b) evidence no less than one to two weeks prior to trial. *DeLaCruz*, 2019 WL 1757528, at *5 (collecting cases). Additionally, district courts "can only order the [G]overnment to provide advanced written notice of its intent to proffer any

Rule 609(b) evidence but not Rule 609(a) evidence. *See United States v. Beech*, 307 F.R.D. 437, 443 (W.D. Pa. 2015); *DeLaCruz*, 2019 WL 1757528, at *5.

The Government filed its notice pursuant to Federal Rule of Evidence 404(b) on December 12, 2025. (Doc. 94). The Government also notes that it will request that applicable evidence of a criminal conviction will be admitted for impeachment purposes, pursuant to Rule 609, if Smith or any defense witness testifies at trial. (Doc. 69, at 2). Additionally, the Government provides that it must present evidence of the conviction listed in the superseding indictment (Doc. 23) at trial. (Doc. 69, at 2). Smith does not contest the Government's representation that it will provide Smith with the requested notices before trial. Accordingly, Smith's motion to compel the Government to provide notice of its intent to introduce evidence pursuant to Federal Rules of Evidence 404(b) and 609 is **DENIED without prejudice**. (Doc. 60).

4. **Disclosure of the Government's Witnesses and Any Statements Made by Witnesses Including the Identity of Confidential Informants and Any Inducements Offered to Those Individuals in an Effort to Produce Their Testimony**

Smith requests that the Court compel the Government to disclose the witnesses it intends to call at trial, including any statements made by such witnesses, the identity of any confidential informants, and all inducements or consideration offered to secure their testimony. (Doc. 61, at 4). The Government does not address this specific request, but it asserts that it has complied with and will continue to comply with its discovery obligations pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and the *Jencks* Act. (Doc. 69, at 1-2).

Federal Rule of Criminal Procedure 16(a) does not "authorize the discovery or inspection of statements made by prospective government witnesses except as provided in [the *Jencks* Act]."[1] Fed. R. Crim. P. 16(a)(2), (3). *Brady* and *Giglio* provide that the government has a continuing obligation to disclose all evidence favorable to defendants, including exculpatory and impeachment evidence. 373 U.S. at 87; 405 U.S. at 154; *United States v. Moreno*, 727 F.3d 255, 262 (3d. Cir. 2013); *United States v. Nickas*, No. 3:21-CR_143, 2022 WL 2657114, at *5 (M.D. Pa. July 8, 2022). Exculpatory evidence "go[es] to the heart of the defendant's guilt or innocence," and impeachment evidence consists of "materials that might affect the jury's judgment of the credibility of a crucial prosecution witness." *United States v. Hill*, 976 F.2d 132, 134-35 (3d Cir. 1992); *Giglio*, 405 U.S. at 154 (holding that *Brady* encompasses impeachment evidence). Third Circuit has found that due process requires only that *Brady* impeachment material be disclosed "in time for its effective use at trial." *United States v. Higgs*, 713 F.2d 39, 44 n.6 (3d Cir. 1983); *United States v. Yawson*, No. 13-271, 2014 WL 3401663, at *2 (W.D. Pa. July 10, 2014); *DeLaCruz*, 2019 WL 1757528, at *9.

Outside of disclosure under the *Jencks* Act, *Brady*, and *Giglio*, the Government is not required to disclose the identity of its witnesses in a noncapital case. *Government of V.I. v. Martinez*, 847 F.2d 125, 128 (3d Cir. 1988) ("We begin our analysis by noting the well established principle that the government is not automatically required to disclose the name of a witness in a non-capital criminal case."); *United States v. Addonizio*, 451 F.2d 49, 62 (3d Cir. 1971) ("in no event is the Government required to divulge the identity of its witnesses in

---

[1] The Court addresses Smith's motion for early release of Jencks material in Section I.B., *infra*.

a noncapital case."); *DeLaCruz*, 2019 WL 1757528, at *6 (finding defendant's request that the Government disclose to names of its witnesses to be unsupported by law). Nevertheless, district courts have discretion to order the Government to disclose the identity of its witnesses "to ensure the effective administration of the criminal justice system." *Higgs*, 713 F.2d at 44 n. 6; *Martinez*, 847 F.2d at 128.

Additionally, "[t]he government has a qualified privilege to protect the identity of its confidential informants." *Coles*, 511 F. Supp. 3d at 580-81 (citing *Roviaro v. United States*, 353 U.S. 53, 59 (1957)). However, this privilege "must give way" when "disclosure of an informer's identity. . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Coles*, 511 F. Supp. 3d at 581 (citing *United States v. Jiles*, 658 F.2d 194, 196 (3d Cir. 1981)). When a defendant "sets forth a specific need for disclosure," the court must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Jiles*, 658 F.2d at 196; *Roviaro*, 353 U.S. at 62; *Coles*, 511 F. Supp. 3d at 581.

Here, Smith provides no specific need for the identity of the Government's witnesses and confidential informants. Smith only provides general, unsupported requests for the identities of the Government's witnesses and confidential informants. (Doc. 61, at 4-5). Additionally, the Government has indicated that it has complied with and will continue to comply with its discovery obligations under the *Jencks* Act, *Brady*, and *Giglio*, which Smith does not contest. (Doc. 69, at 1-2; *see* Doc. 61). Given the Government's lack of an obligation to provide a witness list in a non-capital case, and Smith's failure to establish a specific need for disclosure of the identity of confidential informants, Smith's request is **DENIED**. (Doc. 60); *see Coles*, 511 F. Supp. 3d at 581 (denying defendant's request for government witness list

and identities of confidential informants where the defendant failed to specify need for the disclosures); *DeLaCruz*, 2019 WL 1757528, at *6 (finding same).

    **5. Disclosure of All Evidence Sought to be Admitted at Trial by the Government Pursuant to Federal Rule of Evidence 801(d)(2)(e)**

Smith requests that the Court compel the Government to disclose all evidence it seeks to admit at trial pursuant to Federal Rule of Evidence 801(d)(2)(e). (Doc. 61, at 5). The Government does not address this specific request, but the Government provides that it does not believe that there are currently any specific outstanding discovery issues in this case. (Doc. 69, at 2). Federal Rule of Evidence 801(d)(2)(e) provides that a statement is not hearsay when offered against an opposing party and was made by the party's coconspirator during and in furtherance of the conspiracy. Fed. R. Evid. 801(d)(2)(e). Rule 801(d)(2)(e) provides for the admissibility of co-conspirator statements at trial, not for the disclosure of co-conspirator statements before trial. *See* Fed. R. Evid. 801(d)(2)(e); *DeLaCruz*, 2019 WL 1757528, at *6. Additionally, "[d]istrict courts of the Third Circuit have consistently held that Rule 16 does not provide for the discovery of a co-conspirator's statement." *United States v. Cheatham*, 500 F. Supp. 2d 528, 538 (W.D. Pa. 2007) (collecting cases); *DeLaCruz*, 2019 WL 1757528, at *6. Here, Smith has not provided any legal analysis or caselaw to support his request for disclosure of evidence the Government seeks to admit at trial pursuant to Rule 801(d)(2)(e). (Doc. 61, at 5). Therefore, Smith's request that the Court compel evidence the Government seeks to admit at trial pursuant to Rule 801(d)(2)(e) is **DENIED**. *See Cheatham*, 500 F. Supp. 2d at 538 (collecting cases) (finding Rule 16 does not provide for the discovery of a co-conspirator's statement); *DeLaCruz*, 2019 WL 1757528, at *6 (denying motion to compel

evidence pursuant to Rule 801(d)(2)(e), where defendant fails to support his request with caselaw or legal analysis).

### 6. Remaining Requested Evidence Not Provided by Government

Finally, Smith requests that the Court compel all remaining discovery materials requested by Smith that have not yet been furnished by the Government. (Doc. 61, at 5). Smith does not specify which, if any, requested materials are outstanding. (Doc. 61, at 5). The Government contends that there are not currently any specific outstanding discovery issues. (Doc. 69, at 2). Based Smith's motion and brief in support, the Court is unable to determine whether there is any remaining evidence that has not been provided to Smith by the Government. (Doc. 60; Doc. 61). Therefore, to the extent that the Court has not already addressed Smith's requests in other portions of this memorandum opinion, Smith's request that the Government produce all remaining requested evidence that has not been provided is **DENIED**. (Doc. 60); *see DeLaCruz*, 2019 WL 1757528, at *8 (denying defendants requests for remaining outstanding discovery where defendant failed to specify what discovery was outstanding).

B. MOTION FOR EARLY RELEASE OF *JENCKS* MATERIAL

In *Jencks v. United States*, 353 U.S. 657, 667, 672 (1957), the Supreme Court held that a defendant on trial in a federal criminal prosecution is entitled, for impeachment purposes, to relevant statements or reports of a government witness in possession of the government, touching on the subject matter of the government witness's testimony at trial. In 1957, Congress codified the *Jencks* decision in the *Jencks* Act, which provides in relevant part:

> (a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be

> the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.
>
> (b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use

18 U.S.C. § 3500(a), (b)

The *Jencks* Act protects statements or reports made by prospective government witnesses from disclosure until after they testify in direct examination at trial. 18 U.S.C. § 3500(a). "After the witness testifies, the [*Jencks*] Act entitles the defendant to a copy of 'any statement. . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.'" *United States v. Coles*, 511 F. Supp. 3d 566, 575 (M.D. Pa. 2021) (citing 18 U.S.C. § 3500 (b)); *United States v. Maury*, 695 F.3d 227, 247 (3d Cir. 2012)). The *Jencks* Act provides a defendant with "an opportunity to review the witness's statements for any possible inconsistencies that he might use to impeach the witness." *Maury*, 695 F.3d at 248; *Coles*, 511 F. Supp. 3d at 575. While the Third Circuit encourages the government to disclose *Jencks* material prior to trial, "the government has no obligation to produce *Jencks* material until the witness has testified [at trial]" *Maury*, 695 F.3d at 248; *Coles*, 511 F. Supp. 3d at 575. As such, "there is no authority by which [a district court] can compel the government to provide *Jencks* Act statements prior to the time any government witness has testified on direct examination at trial. *Maury*, 695 F.3d at 248; *Hill*, 976 F.2d at 140.

Smith requests that the Court direct the government to disclose *Jencks* materials to Smith at least thirty days before trial. (Doc. 62, at 1). Smith contends that early disclosure of

*Jencks* materials is necessary to avoid unnecessary delays and ensure the full and fair cross examination of witnesses brought against Smith. (Doc. 62, at 2-3). The Government counters that the based on Third Circuit precedent, the Court cannot require early disclosure of *Jencks* material. (Doc. 70, at 2). The Government also notes that they have voluntarily agreed to produce all *Jencks* materials to Smith three days prior to trial. (Doc. 63, at 4; Doc. 70, at 2).

In *Jencks v. United States*, 353 U.S. 657, 667, 672 (1957), the Supreme Court held that a defendant on trial in a federal criminal prosecution is entitled, for impeachment purposes, to relevant statements or reports of a government witness in possession of the government, touching on the subject matter of the government witness's testimony at trial. In 1957, Congress codified the *Jencks* decision by passing the *Jencks* Act, which protects statements or reports made by prospective government witnesses from disclosure until after they testify in direct examination at trial. 18 U.S.C. § 3500(a). "After the witness testifies, the [*Jencks*] Act entitles the defendant to a copy of 'any statement. . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.'" *United States v. Coles*, 511 F. Supp. 3d 566, 575 (M.D. Pa. 2021) (citing § 3500 (b)); *United States v. Maury*, 695 F.3d 227, 247 (3d Cir. 2012)). The *Jencks* Act provides a defendant with "an opportunity to review the witness's statements for any possible inconsistencies that he might use to impeach the witness." *Maury*, 695 F.3d at 248; *Coles*, 511 F. Supp. 3d at 575. While the Third Circuit encourages the government to disclose *Jencks* material prior to trial, "the government has no obligation to produce *Jencks* material until the witness has testified [at trial]" *Maury*, 695 F.3d at 248; *Coles*, 511 F. Supp. 3d at 575. "[T]here is no authority by which [a district court] can compel the government to provide *Jencks* Act statements prior to the time

any government witness has testified on direct examination at trial. *Maury*, 695 F.3d at 248; *Hill*, 976 F.2d at 140.

The Government has, consistent with the practice of the United States Attorney's Office for the Middle District of Pennsylvania, agreed to produce all *Jencks* materials to Smith three days prior to trial. (Doc. 70, at 2). The Court encourages the Government to produce *Jencks* material to Smith as soon as practicable; however, the Court has no authority to compel *Jencks* material before a government witness has testified on direct examination at trial. *Maury*, 695 F.3d at 248; *Hill*, 976 F.2d at 140; *DeLaCruz*, 2019 WL 1757528, at *12. Accordingly, Smith's motion for the early release of *Jencks* material is **DENIED**. (Doc. 60).

C. MOTION TO SUPPRESS EVIDENCE

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. This right "shall not be violated, and no warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. Evidence obtained in violation of the Fourth Amendment may not be introduced at trial. *Davis v. United States*, 564 U.S. 229, 232 (2011); *United States v. Lewis*, 711 F. Supp. 3d 444, at 456 (E.D. Pa. 2024). The use of wiretapping and electronic eavesdropping by police without the consent of the communicator or without prior legal authorization is generally considered an unreasonable search and seizure in violation of the Fourth Amendment. *Katz v. United States*, 389 U.S. 347, 353 (1967). For motions to suppress, "the burden of proof is on the defendant who seeks to suppress evidence." *United States v. Johnson*, 63 F.3d 242, 245 (3d Cir. 1995); *Lewis*, 711 F. Supp. 3d at 456. Once the defendant has established a basis for his motion, the burden shifts to the

government to show by a preponderance of the evidence that the search or seizure was reasonable and that the challenged evidence is admissible. *Johnson*, 63 F.3d at 245 (citing *United States v. McKneely*, 6 F.3d 1447, 1453 (10th Cir. 1993)); *United States v. Matlock*, 415 U.S. 164, 178 n.14 (1974); *United States v. Cook*, 106 F. Supp. 3d 573, 577 (E.D. Pa. 2015).

Smith requests that the Court issue an order suppressing all recordings and derivative evidence obtained in violation of the Pennsylvania Wiretap and Electronic Surveillance Control Act ("the Wiretap Act"). (Doc. 64, at 5). Smith contends that an undercover officer recorded telephone and in-person conversations with an individual, that the Government alleges to be Smith, in violation of the Wiretap Act. (Doc. 64, at 2). Smith avers that the officer did not have the required prior authorization to make such recordings, making them illegal interceptions under the Wiretap Act. (Doc. 64, at 3). The Government counters that the recordings were obtained in accordance with both federal and state law. (Doc. 71, at 1).

The Wiretap Act criminalizes the intentional interception of wire, electronic, and oral communications. 18 P.a.C.S. § 5703. The Wiretap Act applies to all persons, even those acting in a governmental capacity. *United Telephone Co. of Pennsylvania v. Pennsylvania Public Utility Com'n*, 676 A.2d 1244 (Pa. Commw. Ct. 1996). Under the Wiretap Act, intentional interception of wire, electronic, or oral communications requires prior judicial approval, unless otherwise exempted. 18 Pa.C.S. §§ 5703, 5712.

However, federal law, not state law, applies in determining the admissibility of evidence in federal court. *Elkins v. United States*, 364 U.S. 206, 223-24 (1960); *Preston v. United States*, 376 U.S. 364, 366 (1964); *United States v. Bennett*, 170 F.3d 632, 635 (6th Cir. 1999). The Third Circuit has likewise held that "evidence obtained in accordance with federal law is admissible in federal court even though it was obtained by state officers in violation of state

17

law." *United States v. Rickus*, 737 F.2d 360, 363-64 (3d Cir. 1984); *United States v. Williams*, 124 F.3d 411, 428 (3d Cir. 1997) (collecting cases); *see United States v. Montgomery*, 290 F. Supp. 3d 396, 412 (W.D. Pa. 2018) (denying motion to suppress evidence where evidence was obtained in compliance with federal law but allegedly obtained in violation of state law).

The Fourth Amendment of the United States Constitution protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. Evidence obtained in violation of the Fourth Amendment may not be introduced at trial. *Davis v. United States*, 564 U.S. 229, 232 (2011); *United States v. Lewis*, 711 F. Supp. 3d 444, at 456 (E.D. Pa. 2024). The use of wiretapping and electronic eavesdropping by police without the consent of the communicator or without prior legal authorization is generally considered an unreasonable search and seizure in violation of the Fourth Amendment. *Katz v. United States*, 389 U.S. 347, 353 (1967).

Smith does not assert that the wiretap evidence was obtained in violation of federal law, instead averring that the wiretap evidence was obtained in violation of "state constitutional principles." (Doc. 65, at 4). The Court may deny Smith's motion to suppress on this basis alone. *See United States v. Montgomery*, 290 F. Supp. 3d 396, 412 (W.D. Pa. 2018) (denying motion to suppress evidence where evidence was obtained in compliance with federal law but allegedly obtained in violation of state law). Additionally, the Government indicates that on September 26, 2025, it produced to Smith the prior written authorizations to obtain the telephone and in-person recordings at issue. (Doc. 71, at 2). The Government asserts that this wiretap evidence was obtained in compliance with both federal and state law. (Doc. 71, at 1-2). Smith does not dispute receiving the written authorizations on September

26, 2025, nor does he aver that those authorizations violate the applicable federal law. Accordingly, Smith's motion to suppress is **DENIED**. (Doc. 64).

## II.     CONCLUSION

For the foregoing reasons, Smith's motion to compel is **DENIED** (Doc. 60); Smith's motion for early disclosure of *Jencks* material is **DENIED** (Doc. 62); and Smith's motion to suppress evidence is **DENIED**. (Doc. 64).

An appropriate Order follows.

Dated: December 15, 2025                                       *s/ Karoline Mehalchick*
                                                              **KAROLINE MEHALCHICK**
                                                              **United States District Judge**