**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DIMITRIS SMITH, JR.,<br><br>Defendant. | 3:24-CR-00106<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court is a motion *in limine* filed by Defendant Dimitris Smith, Jr. ("Smith"), in which he seeks to exclude evidence regarding a prior drug relationship between Smith, Olga Stevenson ("Stevenson"), and Samantha Pennell ("Pennell"). (Doc. 104). For the following reasons, Smith's motion *in limine* will be **DENIED**.

I. **BACKGROUND AND PROCEDURAL HISTORY**

A federal grand jury indicted Smith with one count of distribution of fentanyl resulting in serious bodily injury and death in violation of 21 U.S.C. § 841(a)(1) and four counts of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). (Doc. 23). Count one alleges Smith's delivery of a controlled substance on December 11, 2023, resulting in the death of Pennell. (Doc. 23, at 1-2). Counts two through five reflect drug deliveries Smith allegedly made to an undercover officer on March 14, 2024 (Count 2); March 20, 2024 (Count 3); March 26, 2024 (Count 4); and April 1, 2024 (Count 5). (Doc. 23, at 2-4). Trial is scheduled to begin on Monday, January 5, 2026, at 9:30 AM in Scranton, Pennsylvania. (Doc. 83).

II. **STANDARD OF REVIEW**

A motion *in limine* allows a trial court to rule in advance of trial on the admissibility and relevance of certain evidence, and evidence should only be excluded "when the evidence

is clearly inadmissible on all potential grounds." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). A court exercises its discretion in ruling on a motion *in limine* to ensure that juries are not exposed to unfairly prejudicial, confusing, or irrelevant evidence. *Ridolfi v. State Farm Mutual Auto. Ins. Co.*, 2017 WL 3198006, at *2 (M.D. Pa. July 27, 2017).

### III.  DISCUSSION

Smith moves to exclude any evidence regarding a prior drug relationship between Smith, Stevenson, and Pennell as alleged in the Government's Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b). (Doc. 104, at 1; Doc. 94). Smith avers that, as he is not charged with any crimes prior to December 2023 or with conspiracy offenses outside the five specific dates in the Indictment, introduction of evidence of a prior drug relationship would only serve to establish a prior bad act as a character trait of Smith. (Doc. 105, at 2). The Government counters that evidence of a prior drug relationship between Smith, Stevenson, and Pennell is admissible under Federal Rule of Evidence 404(b) to show consciousness of guilt, identity, preparation, plan, and knowledge, as well as to supply helpful background information to the finder of fact. (Doc. 107, at 4-8).

Federal Rule of Evidence 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Rule 404(b) is generally a rule of exclusion, directing that "evidence of prior bad acts be excluded – *unless* the proponent can demonstrate that the evidence is admissible for a non-propensity purpose." *United States v. Brown*, 765 F.3d 278,

2

290 (3d Cir. 2014) (citing *United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014)). The Government, as the party seeking to admit the evidence under Rule 404(b)(2), bears the burden of demonstrating its applicability. *Brown*, 765 F.3d at 290.

Four steps must be satisfied before evidence of a prior bad act may be introduced at trial:

> (1) the other-acts evidence must be proffered for a non-propensity purpose; (2) that evidence must be relevant to the identified non-propensity purpose; (3) its probative value must not be substantially outweighed by its potential for causing unfair prejudice to the defendant; and (4) if requested, the other-acts evidence must be accompanied by a limiting instruction.

*United States v. Repak*, 852 F.3d 230, 239 (3d Cir. 2017) (citing *Huddleston v. United States*, 485 U.S. 681, 691 (1988); *Caldwell*, 760 F.3d at 277-78).

Smith contends that evidence of Smith's prior drug relationship with Stevenson and Pennell must be excluded for failing steps one and two of this four-step Rule 404(b) analysis. (Doc. 105, at 4). To satisfy step one of the applicable Rule 404(b) analysis, the proffering party must show that the evidence falls into a permitted use exception to Rule 404(b). *Caldwell*, 760 F.3d at 276. Permitted uses for the admission of evidence of other crimes, wrongs, or acts include motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, and lack of accident. Fed. R. Evid. 404(b)(2). Courts also permit the admission of other-acts evidence to demonstrate consciousness of guilt. *United States v. Cammarata*, 145 F.4th 345, 367 (3d Cir. 2025); *United States v. Arrington*, 13 F.4th 331, 333 (3d Cir. 2021); *United States v. Gatto*, 995 F.2d 449, 454 n.8 (3d Cir. 1993) (collecting cases). Additionally, the Third Circuit has held that evidence that will "supply[ ] helpful background information to the finder of fact," is a "proper purpose under Rule 404(b). *United States v. Green*, 617 F.3d 233, 250 (3d Cir. 2010) (citing *United States v. Simmons*, 679 F.3d 1042, 1050 (3d Cir. 1982)).

To satisfy step two of the applicable Rule 404(b) analysis, relevance to the identified non-propensity purpose, the proffered evidence must fit into a "chain of inferences – a chain that connects the evidence to a proper purpose, no link of which is a forbidden propensity inference." *United States v. Davis*, 726 F.3d 434, 442 (3d Cir. 2013). "[T]his chain [must] be articulated with careful precision because, even when a non-propensity purpose is 'at-issue' in a case, the evidence offered may be completely irrelevant to that purpose, or relevant only in an impermissible way." *Caldwell*, 760 F.3d at 281; *Repak*, 852 F.3d at 243. The proffering party's articulation of the logical chain of inferences showing relevance should be detailed and on the record; mere recitation of the purposes in Rule 404(b)(2) is insufficient. *Caldwell*, 760 F.3d at 277 (citing *Davis*, 726 F.3d at 442).

The Government submits that the evidence regarding a prior drug relationship between Smith, Stevenson, and Pennell is proffered for relevant, non-propensity purposes. Specifically, the Government avers that Stevenson's testimony regarding Smith's drug activity after Pennel's death will establish that Smith knew of Pennell's death, knew of his involvement in it, and changed his behavior as a result. (Doc. 107, at 5). Such evidence is properly offered for the non-propensity purpose of demonstrating consciousness of guilt. *See Arrington*, 13 F.4th at 333 (finding evidence that defendant fled from parole and was using a different name at the time of his arrest was admissible for the purpose of proving consciousness of guilt as a non-propensity purpose under Rule 404(b)(2)); *see also Gatto*, 995 F.2d at 454 n.8 (collecting cases). The Government further contends that the remaining evidence of a prior drug relationship between Smith, Stevenson, and Pennell, including that Stevenson knew and can identify Smith by describing the car he drove, the nicknames she and Pennell used when referring to him, the CashApp application she and Pennell used to

4

send him payments, how he distributed fentanyl before and after Pennell's death, is offered for the proper purposes of showing identity, preparation, plan, and knowledge. (Doc. 107, at 6-7). The Court agrees. This evidence is admissible to show Smith's plan, preparation and knowledge of how to identify, traffic, package, and price fentanyl through Stevenson's testimony on Smith's method of packaging and delivering drugs immediately prior to Pennell's overdose death and Smith's ability to accept mobile payment in exchange for drugs. (Doc. 107, at 7); *see United States v. Garner*, 961 F.3d 264, 274 (3d Cir. 2020) (finding admission of evidence of past conviction of trafficking cocaine was relevant to the defendant's knowledge of narcotics). Finally, evidence of the prior drug relationship is properly admissible to supply helpful background information to the factfinder on how Stevenson and Pennell knew Smith, how they communicated with Smith, how Smith packaged and distributed fentanyl, and how Stevenson and Pennell paid Smith. (Doc. 107, at 8); *see Green*, 617 F.3d at 250 (finding evidence of defendant's threat was admissible background information was admissible as background information which "completed the story of the crime"); *see United States v. O'Leary*, 739 F.2d 135, 136 (3d Cir. 1984) (finding evidence of earlier drug transactions was relevant to show "the background of the charges, the parties' familiarity with one another, and their concert of action"); *see also United States v. Jackson*, 619 F. App'x 189, 194 (3d Cir. 2015) (finding evidence of prior drug transactions was necessary background information to provide context to testimony and circumstantial evidence that defendant was dealing with large quantities of cocaine).

      The Government also proffers this evidence for the non-propensity purpose of linking Smith to both the distribution of fentanyl to Pennell on December 11, 2023 and the distributions of cocaine and fentanyl to an undercover officer in March and April of 2024.

(Doc. 107, at 6). The Government's detailed explanations of the non-propensity purposes of the prior drug relationship evidence demonstrate that it is more probable than it would be without the evidence that Smith distributed fentanyl and cocaine in the five instances charged in the Indictment.[1] *See Green*, 617 F.3d at 251 (finding the definition of relevance is "very broad" and encompasses the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence); *see United States v. Garner*, 961 F.3d 264, 274 (3d Cir. 2020) (finding the defendant's knowledge of the presence of heroin made it more probable than it would have been without the evidence that the defendant had knowledge of drugs and drug distribution); *see Caldwell*, 760 F.3d at 277 (requiring the proffering party to articulate with precision the "relationship between the evidence and a material fact at issue which much be demonstrated by reasonable inferences that make a material fact more probable or less probable than it would be without the evidence"). The Government has demonstrated that any evidence of a prior drug relationship between Smith, Stevenson, and Pennell is proffered for relevant, non-propensity purposes. (Doc. 107, 5-11).

---

[1] In the alternative, Smith argues that the prior drug relationship evidence must be excluded under Federal Rule of Evidence 403 because "its probative value is substantially outweighed by a danger of. . . unfair prejudice, confusing the issues, [and] misleading the jury." Fed. R. Evid. 403. The evidence of Smith's prior drug relationship with Stevenson and Pennell is probative to the counts in the Indictment and are not substantially outweighed by the danger of unfair prejudice. *See Garner*, 961 F.3d at 274 (finding the defendant's knowledge of how to identify, package, and sell cocaine was not unfairly prejudicial under Rule 403); *Jackson*, 619 F. App'x at 193 (finding evidence of past drug distribution was not unfairly prejudicial under Rule 403); *United States v. Givan*, 320 F.3d 452, 461 (3d Cir. 2003) (finding that with a limiting instruction, the probative value of a prior felony drug conviction was not substantially outweighed by the danger of unfair prejudice). Smith has not requested a limiting instruction related to the evidence of a prior drug relationship with Stevenson and Pennell. (Doc. 107, at 11; *see* Doc. 105).

## IV. CONCLUSION

For the foregoing reasons, Smith's motion *in limine* to exclude any evidence regarding a prior drug relationship between Smith, Stevenson, and Pennell is **DENIED**. (Doc. 104).

An appropriate Order follows.

BY THE COURT:

Dated: January 4, 2026

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**